J-S17024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALVIN GEORGE WHITE, JR. | : | |
| | : | |
| Appellant | : | No. 2222 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000384-2017

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 27, 2022**

Alvin George White, Jr., appeals, *pro se*, from the order, entered in the Court of Common Pleas of Chester County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 27, 2017, White was convicted of three counts of robbery, as well as numerous related charges, stemming from an incident in which White forced an individual to drive to a bank and withdraw funds from an ATM machine.  White absconded with the money.  On June 11, 2018, the trial court sentenced White to an aggregate term of 16 to 32 years' incarceration.  White appealed to this Court, which affirmed his judgment of sentence on May 1, 2019.  ***See Commonwealth v. White***, 1869 EDA 2018 (Pa. Super. filed May 1, 2019) (unpublished memorandum decision).  Our

Supreme Court denied allowance of appeal on November 6, 2019. *See Commonwealth v. White*, 219 A.3d 599 (Pa. 2019) (Table).

On November 22, 2019, White filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who ultimately submitted a *Turner*/*Finley*[1] "no-merit" letter and petition to withdraw. On April 21, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. White filed *pro se* objections to the court's Rule 907 notice. On September 29, 2021, the court dismissed White's petition and granted counsel's request to withdraw. White filed a timely *pro se* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

> 1. Whether the PCRA court erred in dismissing White's PCRA petition where White was the victim of prosecutorial misconduct, selective prosecution, and judicial misconduct?
>
> 2. Whether the PCRA court erred in dismissing White's PCRA petition where the Commonwealth denied him full pretrial discovery and disclosure of known exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)?
>
> 3. Whether the PCRA court erred in dismissing White's PCRA petition where counsel were ineffective?
>
> 4. Whether the PCRA court erred in dismissing White's PCRA petition without a hearing?

*See* Brief of Appellant, at 3-4 (reordered and reworded for clarity and ease of disposition).

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

We begin by noting our scope and standard or review:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotation marks omitted).

White first alleges that the PCRA court erred in denying him relief where he was the victim of prosecutorial misconduct, selective prosecution, and judicial misconduct. In support of this claim, White asserts that "the attorney for the Commonwealth . . . denied/suppressed or withheld at all times concerned alleged crime scene-camera surveillance video tape position from namely the **north end parking** lot; [and] that undisclosed evidence was favorable to [White]."[2] Brief of Appellant, at 23 (emphasis in original). White is entitled to no relief.

Under the PCRA, a claim is waived if petitioner "could have raised it, but failed to do so, before trial, at trial, . . . on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, White could have

_____

[2] White makes no specific argument as to his allegations of selective prosecution and judicial misconduct. Accordingly, those claims are waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (claim waived where appellant fails to present arguments sufficiently developed for our review).

raised his claim of prosecutorial misconduct on direct appeal but failed to do so. Accordingly, he has waived it for purposes of the PCRA. *See Commonwealth v. Chmiel*, 30 A.3d 1111 (Pa. 2011) (finding *Brady* claim waived for failure to raise it in earlier proceeding); *Commonwealth v. Bracey*, 795 A.2d 935 (Pa. 2002) (finding claims of trial court error, constitutional error, and prosecutorial misconduct waived where claims could have been raised on direct appeal but were not).

Next, White asserts that PCRA court erred in dismissing his petition where the Commonwealth denied him full pretrial discovery and disclosure of known exculpatory evidence in violation of *Brady*. In particular, White claims that he was never provided with complete surveillance video from the Wawa parking lot, which he claims was favorable to him because it showed him driving away to the bank in his own car. Once again, White has waived this claim by failing to raise it on direct appeal.[3] *See Chmiel*, *supra*.

---

[3] To the extent that White attempts to claim that one or more of his counsel was ineffective for failing to obtain the "missing" evidence or raise the *Brady* issue on appeal, such a claim would garner him no relief. To establish a *Brady* violation, a defendant must show: the prosecution suppressed the evidence, either willfully or inadvertently; the evidence is favorable to the defense; and the evidence is material. *See Commonwealth v. Chambers*, 807 A.2d 872, 887 (Pa. 2002). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 887–88, quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985). Here, White has failed to demonstrate that the alleged missing Wawa video exists or that it would have changed the outcome of trial, given that the Commonwealth introduced video evidence showing White entering the victim's car and driving off in that

*(Footnote Continued Next Page)*

White next asserts that his pre-trial and appellate counsel were ineffective.[4] Specifically, White alleges that he "timely gave his three [] court[-]appointed counsels notice of his requested alibi defense to secure material evidence,[5] yet all . . . requests were all by 'ignored' by appointed counsels." Brief of Appellant, at 18-19 (emphasis omitted). He also claims that appellate counsel failed to petition the court for a private investigator "to locate the material evidence that was favorable to [White]." *Id.* at 19.

To obtain PCRA relief on a claim of ineffectiveness of counsel, a petitioner must establish that his conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Counsel is presumed to be effective; to rebut that presumption, the petitioner must demonstrate counsel's performance was deficient and that such deficiency prejudiced him. *Commonwealth v.*

_____

vehicle. White stipulated to the accuracy of that video. *See* N.T. Trial, 9/26/17, at 213-14.

[4] Although White was represented by counsel pre-trial, at sentencing, and on direct appeal, he elected to represent himself at trial. Prior to trial, the trial court conducted a *Grazier* colloquy during which it advised White of his right to counsel, the nature of the charges lodged against him, and the maximum penalties for each of those charges. *See* N.T. Trial, 9/25/17, at 29-38.

[5] Although he does not specify so in his argument, it appears from the "factual history" section of White's brief that the "alibi defense" and "material evidence" referred to is the alleged missing video from the north end of the Wawa parking lot.

*Colavita*, 993 A.2d 874, 886 (Pa. 2010); *Strickland v. Washington*, 466 U.S. 668 (1984).  Prejudice requires proof that, absent the allegedly deficient performance, the outcome of trial would likely have been different. *Commonwealth v. Daniels*, 104 A.3d 267, 285 (Pa. 2014).  When asserting a claim of ineffective assistance of counsel, an appellant is required to make the following showing:  (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa. Super. 2016).  The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.  *Id.*

With regard to the assertion that pre-trial counsel was ineffective for ignoring White's requests to obtain the "missing" Wawa video, White has waived this claim by stipulating at trial to the accuracy of the Wawa video and failing to object on the basis of completeness.  *See Commonwealth v. Williams*, 782 A.2d 517, 526 (Pa. 2001) (claims not raised at earliest opportunity—here, at trial—deemed waived for purposes of PCRA); 42 Pa.C.S.A. § 9544 (waiver provision of PCRA).  *See also Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants held to same standards as licensed attorneys).  The following exchange occurred at trial on direct examination of Detective Steven Parkinson, who obtained the video from Wawa:

Q: [] So you were able to get video from the Wawa.

How did you actually get the video? How did it come into your possession?

A: After I reviewed the video myself[,] I put in a request with the Wawa supervisor that they make me a copy of the video. They have to make contact with their corporate office and request a video, let them know what it's for, then they will make us a copy.

Q: Did you receive a copy at the police station?

A: I believe either myself or another officer responded down to Wawa[ and] picked the video up.

Q: Ultimately[,] does that video get sent to [the district attorney's] office in the discovery process?

A: That's correct.

Q: [To the b]est of your knowledge[,] does that video get sent out to [White] and his attorney at the time?

A: Yes.

[ASSISTANT DISTRICT ATTORNEY]: **Parties have agreed that Commonwealth 18, which is the Wawa video, is a fair and accurate depiction of the parking lot in the video from January 4th, 2017**. So[,] at this time[, the] Commonwealth would move to enter Commonwealth Exhibit 18.

THE COURT: Any objection?

MR. WHITE: **No objection**.

N.T. Trial, 9/26/17, at 213-14 (emphasis added).

Because White could have raised an objection to the accuracy and/or completeness of the Wawa video at trial, but failed to do so, his claim that pre-trial counsel was ineffective for failing to procure the "missing" video is waived. **Williams**, **supra**.

White also claims that direct appellate counsel was ineffective for failing to hire an investigator to uncover "material evidence that was favorable" to

- 7 -

him. Brief of Appellant, at 19. White did not raise this claim in his PCRA petition. Accordingly, it is waived and not cognizable on appeal. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (any claim not raised in PCRA petition is waived and not cognizable on appeal); Pa.R.A.P. 302 ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Finally, White asserts that the PCRA court erred in denying his petition without a hearing. It is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Here, White failed to raise any genuine issues of material fact, such as would entitle him to a hearing. Accordingly, the PCRA court did not err in dismissing his petition without a hearing.

Order affirmed.

Bowes, J., Joins this Memorandum.

Stabile, J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022